UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDRA DEAN,

                Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

                Defendant.

CASE NO. 13-cv-05770 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos. 10, 14, 15).

After considering and reviewing the record, the Court finds that the ALJ failed to explain adequately why an opinion from a doctor whose opinion was given significant weight was rejected and the ALJ failed to rely properly on vocational expert testimony.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

BACKGROUND

Plaintiff, SANDRA DEAN, was born in 1949 and was 60 years old on the alleged date of disability onset of June 30, 2010 (*see* Tr. 164-67). Plaintiff graduated from high school and has taken vocational classes in civil engineering and mechanical drafting. She had three weeks of intensive training in hemodialysis, and was a certified hemodialysis technician since 1974, but resigned/retired in June 2010 when the director began requiring a college degree (Tr. 38). She earned her Certified Nursing Assistant Certificate but was unable to "keep up with all my aches and stuff" (Tr. 41).

Plaintiff has at least the severe impairments of "asthma, obesity and osteoarthritis (20 CFR 404.1520(c))" (Tr. 15).

At the time of the hearing, plaintiff was living in her home with two of her grown sons; one working part-time and the other looking for work (Tr. 34)

PROCEDURAL HISTORY

Following plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) (*see* Tr. 164-67; *see also* Tr. 69-76, 79-87), her requested hearing was held before Administrative Law Judge Rebekah Ross ("the ALJ") on April

24, 2013 (*see* Tr. 26-68). On May 8, 2013, the ALJ issued a written decision concluding that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.10-25).

On July 19, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in September, 2013 (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on November 12, 2013 (*see* ECF Nos. 7, 8).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the Commissioner err in determining plaintiff's residual functional capacity; (2) Did the Commissioner err in failing to properly consider opinion evidence; (3) Did the Commissioner err in failing to consider plaintiff's lateral epicondylitis as a severe impairment; and (4) Did the Commissioner err in failing to consider Grid Rule 202.06; (*see* ECF No. 10, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1)   Did the Commissioner err in determining plaintiff's residual functional capacity ("RFC")?**

Plaintiff contends that the ALJ erred in her RFC determination by failing to credit the opinion by Dr. Jeffrey Merrill, M.D. on February 17, 2012 that plaintiff's RFC should include avoiding concentrated exposure to "fumes, odors, dusts, gases, poor ventilation, etc." (*see* Reply, ECF No. 15, p. 2 (*citing* Tr. 85)). The ALJ's RFC for plaintiff does not contain such limitations and this opinion of Dr. Merrill was not credited (*see* Tr. 16)

Plaintiff correctly notes that Dr. Merrill reviewed plaintiff's file and opined that plaintiff was impaired by asthma, among other impairments, and that she should avoid concentrated exposure to "fumes, odors, dusts, gases, [and] poor ventilation etc." (Tr. 85). Plaintiff also correctly notes that the ALJ gave significant weight to the opinion of Dr. Merrill "because he had the opportunity to review the claimant's medical records before opining on her workplace restrictions" (*see* Tr. 20). The ALJ also found that Dr. Merrill's "opinion is largely consistent with the objective medical evidence in the claimant's file and the claimant's own statements regarding her abilities" (*id.*).

Regarding plaintiff's asthma, the ALJ indicated that the "evidence also suggests the claimant's asthma is well controlled with her inhaler, [as] Her lungs are regularly clear to auscultation and she has no difficulties breathing" or exercising regularly (*see* Tr. 20). However, plaintiff contends that her asthma was not controlled to the point where it caused her no difficulties, and also notes that she routinely saw her providers for difficulties breathing and demonstrated lungs not clear to auscultation (*see* Reply, ECF

No. 15, pp. 2-3; Opening Brief, No. 10, p. 5; Tr. 458). The Court notes that plaintiff did not testify that she suffered difficulties breathing or other limitations from her asthma constantly, but that she suffered from regular flare ups (*see* Tr. 44).

Persuasively, plaintiff directs the Court's attention to the fact that on one such occasion, plaintiff was advised that she may need to go to the emergency room due to an asthma flare and on the same day it was noted that her lungs were clear to auscultation (*see* Opening Brief, No. 10, p. 5 (*citing* Tr. 454-55, 458)). Although plaintiff had shortness of breath at that time, this treatment note demonstrates that lungs clear to auscultation in the presence of asthma does not demonstrate necessarily that the asthma is "controlled" sufficiently such that no limitations are required in the RFC. At least on one occasion during which her lungs were clear to auscultation, she also concurrently had a cough which the examiner noted "can be described as dry" and had exhibited shortness of breath [dyspnea] (Tr. 458).

The Court agrees with plaintiff's argument that the fact that her lungs were at times noted to be clear to auscultation or that she was without demonstrated difficulty breathing does not demonstrate a lack of limitations resulting from her severe asthma (*see id.*). More importantly, the Court concludes that the ALJ's reference to contradicted reports of lungs clear to auscultation and no observed difficulty breathing does not demonstrate that plaintiff regularly can withstand concentrated exposure to fumes, odors, dusts, and gases in her work environment, as found by the ALJ.

In addition, as found by the ALJ, and as supported by the record, Dr. Merrill "had the opportunity to review the claimant's medical records before opining on her workplace restrictions" (*see* Tr. 20, 80-82). Therefore, he was aware of plaintiff's prescriptions, including multiple inhalers, and aware of reports in the record of lungs clear to auscultation, yet he still opined that plaintiff was limited from concentrated exposure to fumes, odors, dusts, gases, and poor ventilation (*see* Tr. 85). The ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The Court also concludes that this is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, the ALJ did not credit the limitation to concentrated irritants exposure opined by Dr. Merrill into plaintiff's RFC and found at step four that plaintiff could perform her past relevant work as a dialysis technician (*see* Tr. 16, 20). Defendant contends that any error is harmless because the vocational expert ("VE") opined that plaintiff could do the past dialysis technician work even if she was limited from concentrated exposure to fumes, odors, dusts, and gases (*see* Tr. 63-64). However, there is no testimony from the VE that such testimony is not inconsistent with DOT (*see id.*).

This is against the Ninth Circuit's explicit holding that an ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether or not the testimony conflicts with the Dictionary of Occupational Titles [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007 (*citing* Social Security Ruling, SSR 00-4p, available at 2000 SSR LEXIS 8)). The court noted that in "so holding, we join the Third, Seventh, and Tenth Circuits [and] We also follow our own precedent." *Id.* (citations omitted).

The ALJ here did not ask the VE whether or not her testimony conflicted with the DOT, yet she relied on the VE's testimony when finding that plaintiff could perform her past relevant work at step four (*see* Tr. 20-21). This is legal error. *See Massachi*, 486 F.3d at 1152. As the step four finding directly led to the ultimate determination regarding nondisability, it is not harmless error.

Furthermore, plaintiff argues that "according to the DOT, this job actually requires constant exposure to other environmental conditions than those listed out explicitly such as radiation and toxic chemicals," and "it is clear that [plaintiff's] past work actually

ORDER ON PLAINTIFF'S COMPLAINT - 7

1  included exposure to things such as fumes and odors" (*see* Opening Brief, ECF No. 15, p.

2  3 (*citing* DOT 078. 362 – 014, available at

3  http://www.occupationalinfo.org/07/078362014.html, last visited May 28, 2014)).

4  Plaintiff notes that the job description for dialysis technician in the DOT "provides that

5  the job requires the cleaning and setting up of equipment, mixture of dialysate, and the

6  use of solutions" (*see id.*).

7        According to the job description in the DOT, the job of dialysis technician requires

8  the worker to set up and operate the hemodialysis machine; mix dialysate, according to a

9  particular formula; prime the dialyzer with saline or a heparanized solution; use an

10 antiseptic solution to clean the patient's area of access; inspect the equipment

11 conductivity (proportion of chemicals to water); and monitor the hemodialysis machine

12 for malfunction, among other tasks. *See id.* This job description suggests the potential for

13 concentrated exposure to fumes, odors and/or gases. *See id.*

14       The Court cannot conclude with confidence that the ALJ's error in failing to credit

15 the medical opinion that plaintiff should avoid concentrated exposure to fumes, odors,

16 dusts and gases is a harmless error and was irrelevant to the ultimate disability

17 conclusion. The VE did not testify that her testimony regarding an individual's ability to

18 do work as a dialysis technician with a limitation from concentrated exposure to fumes,

19 odors, dusts, and gases is consistent with the DOT, as required by Ninth Circuit caselaw.

20       For the stated reasons, and based on the relevant record as a whole, the Court

21 concludes that the ALJ's failure to credit the opinion from Dr. Merrill that plaintiff's

RFC should include limitation from concentrated exposure to gases, fumes and odors is not harmless error.

### (2) Did the Commissioner err in failing to properly consider opinion evidence?

Plaintiff contends that the ALJ erred by failing to evaluate the lay opinion from long time treating provider PAC Mortensen and erred by failing to credit fully his opinions that plaintiff suffered from lateral epicondylitis and that plaintiff suffered from limitations as a result of this impairment (*see* Opening Brief, ECF No. 10, pp. 7-10). Defendant contends that any error was harmless as Dr. Merrilll opined that this impairment was not expected to satisfy the twelve month durational requirement (*see* Tr. 85).

An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

Here, the ALJ failed to consider the lay evidence offered by PAC Mortensen and thus failed to abide by federal regulations and Ninth Circuit case law. *See id.* Because the

Court already has concluded that this matter shall be reversed and remanded for further consideration, the Court will not evaluate the harmfulness of this error. The error should be corrected following remand of this matter.

### (3) Did the Commissioner err in failing to consider plaintiff's lateral epicondylitis as a severe impairment?

PAC Jon D. Mortensen opined that plaintiff suffered from epicondylitis and resultant limitations (*see* Tr. 324). The ALJ failed to evaluate the lay evidence committing error, as discussed, *see supra*, section 2. Whether or not plaintiff's epicondylitis and resulting limitations were sufficiently severe and/or if it met the durational requirement should be evaluated in the first instance by the ALJ.

### (4) Did the Commissioner err in failing to consider Grid Rule 202.06?

This issue, and the remainder of the sequential disability evaluation process, shall be considered anew, as necessary, following remand of this matter.

## CONCLUSION

The ALJ erred by giving significant weight to the reviewing medical opinion of Dr. Merrill, yet failing to explain why all of Dr. Merrill's relevant opinions were not included in the determination of plaintiff's RFC. Therefore, the medical evidence should be evaluated anew.

For this reason and based on the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

1  **JUDGMENT** should be for plaintiff and the case should be closed.

2  Dated this 9th day of June, 2014.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S COMPLAINT - 11